# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

-------------------------------------------------------------------x

CATALENT, INC.,

                         Plaintiffs,              **Civil Action No.:**

       – against –            **NOTICE OF REMOVAL**

ILLINOIS UNION INSURANCE COMPANY and
CHUBB GROUP HOLDINGS, INC.,

                        Defendants.

-------------------------------------------------------------------x

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Illinois Union Insurance Company ("IUIC"), through its undersigned counsel, hereby removes the above-captioned action from the New Jersey Superior Court, Somerset County, Docket No.: SOM-L-0454-25, to the United States District Court for the District of New Jersey. As set forth in more detail below, removal is proper based on 28 U.S.C. § 1441 and the recognized doctrine of fraudulent joinder. In support of this Notice of Removal, IUIC respectfully states as follows:

## I.   TIMELINESS OF REMOVAL

1. On or about March 21, 2025, Plaintiff Catalent, Inc. ("Plaintiff"), filed a Summons and Complaint in the New Jersey Superior Court, Somerset County, in the action styled *Catalent, Inc. v. Illinois Union Insurance Company, et al.*, Docket No.: SOM-L-0454-25 (the "State Court Action"). A true and accurate copy of the Complaint, Track Notice Assignment, and Plaintiff's Affidavit of Service filed in the State Court Action is annexed hereto as **Exhibit A**.

2. IUIC received a copy of the Summons and Complaint on March 24, 2025. *See* Exhibit A.

3. As such, this Notice of Removal is timely under 28 U.S.C. § 1441, as it is filed within 30 days after receipt by IUIC of Plaintiff's initial pleading.

4. As set forth in more detail below, IUIC does not waive, or intend to waive, any defenses it might have.

## II. VENUE

5. Venue is proper in the District of New Jersey, as the Superior Court in which the State Court Action is pending is within the jurisdictional confines of the District. *See* 28 U.S.C. § 1446(a).

## III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

6. Civil actions commenced in a state court, over which federal district courts have original jurisdiction, may be removed by a defendant to the federal district court for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a).

7. United States District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs), and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1).

8. This action is removable from the New Jersey Superior Court, Somerset County, to the United States District Court for the District of New Jersey on the basis of subject matter jurisdiction based on diversity citizenship pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a), because the action is between citizens of different States, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000. 28 U.S.C. § 1441(b).

9. IUIC hereby exercises its rights, under 28 U.S.C. § 1441, *et seq.*, to remove this action from the New Jersey Superior Court, Somerset County, in which the action is now pending, to the United States District Court for the District of New Jersey.

### A. Amount in Controversy

10. The State Court Action is an insurance coverage dispute for declaratory judgment and breach of contract, in which Plaintiff allegedly seeks defense and indemnity costs under a policy of insurance issued by IUIC. The causes of action alleged in the Complaint are for declaratory judgment, breach of contract, and attorneys' fees, expenses, and costs. Exhibit A.

11. Catalent claims that it is entitled to defense and indemnity that will exhaust a policy of insurance that provides limits of $10 million. Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### B. Diversity of Citizenship

12. According to the Complaint, Plaintiff Catalent, Inc. is a corporation incorporated under the laws of the state of Delaware, with its headquarters and principal place of business in New Jersey. For purposes of diversity of citizenship, Plaintiff is a citizen of Delaware and New Jersey.

13. Defendant IUIC is a corporation incorporated under the laws of the state of Illinois, with its headquarters and principal place of business in Pennsylvania. Accordingly, IUIC is a citizen of Illinois and Pennsylvania.

14. Defendant Chubb Group Holdings Inc. ("Chubb Group") is a corporation incorporated under the laws of the state of Delaware, with its headquarters and principal place of business in Delaware. Plaintiff has fraudulently joined Chubb Group in an attempt to destroy diversity and avoid removal.

15. Notwithstanding the non-diverse citizenship of Chubb Group, this action is nonetheless removable where the citizenship of IUIC is diverse from Plaintiff and the citizenship of Chubb Group is to be disregarded under the doctrine of fraudulent joinder.

### C. The Court Should Disregard The Citizenship of Chubb Group Holdings, Inc. Under The Fraudulent Joinder Doctrine

16. This Circuit recognizes that fraudulent joinder is an exception to the general requirement for original federal court jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). Although the statute requires complete diversity between parties, a defendant may remove the action to federal court under 28 U.S.C. § 1441(b) if the diversity-destroying defendant was "'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006); see also *Pegg v. United Servs. Auto. Ass'n*, No.09-cv-2108 (SRC), 2009 WL 2928920, at *1 (D.N.J. Sept. 9, 2009) (motion to remand denied and fraudulently joined defendant dismissed).

17. Joinder is fraudulent if there "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or to seek joint judgment." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *see Blackman & Co, Inc. v. GE Business Financial Servs, Inc.*, No. 15-7274 (NHL/JS), 2016 WL 1702043, at *6 (D.N.J. Apr. 28, 2016) ("The use of term 'fraudulent' in the joinder context is usually a misnomer in that it implies that a party has committed fraud. The term 'fraudulent joinder' does not 'require a showing of fraud in the conventional sense; it in no way reflects on the integrity of plaintiff or of plaintiff's counsel.'") (quoting *Am. Dredging Co. v. Atl. Sea Con, Ltd.*, 637 F. Supp. 179, 183 (D.N.J. 1986)).

18. Upon a finding of fraudulent joinder, a court can disregard the citizenship of the fraudulently-joined non-diverse party, assume jurisdiction of the action, dismiss the non-diverse party, and retain jurisdiction. *Briscoe*, 448 F.3d at 216.

19. Under well-established New Jersey law, only the insurer who issued the insurance policy to the insured may be subsequently sued by the insured for coverage under the policy. *See, e.g.*, *Ricoh Company, Ltd.*, 817 F. Supp. 473 (D.N.J. 1993); *In re Maple Contractors, Inc.*, 172 N.J. Super. 348, 354-55 (Law Div. 1979); *Mingin v. Continental Can Co.*, 171 N.J. Super. 148 (Law Div. 1979).

20. The policy of insurance referenced in the Complaint was issued by IUIC to Catalent, Inc. A true and accurate copy of the Policy's Declarations Page is annexed hereto as **Exhibit B**.

21. Where, as here, a plaintiff fails to plead any wrongdoing by a non-diverse defendant parent company or otherwise plead the non-diverse defendant parent company's liability for the diverse subsidiary's actions, courts within this Circuit have repeatedly held that the non-diverse defendant is fraudulently joined. *See, e.g., Pegg v. United Servs. Auto. Ass'n*, 2009 WL 2928920, at *1; *Curtiss-Wright Corp. v. CNA Fin. Corp.*, No. 11-4416 (SDW), 2012 WL 1044493, at *5-6 (D.N.J. Jan. 26, 2012); *Port Auth. v. Arcadian Corp.*, No. 96-cv-1635 (WGB), 1997 U.S. Dist. LEXIS 22500, at *5-6 (D.N.J. Oct. 2, 1997).

22. Plaintiff's Complaint only alleges that Chubb Group is the ultimate U.S. parent company of IUIC. *See* Exhibit A.

23. IUIC is a subsidiary of Pacific Employers Insurance Company, which is a subsidiary of ACE American Insurance Company, which is a subsidiary of INA Holdings Corp., which is a subsidiary of INA Financial Corp, which is a subsidiary of INA Corp, which is a subsidiary of Chubb INA Holdings LLC, which is a subsidiary of Chubb Group. Accordingly, IUIC is an indirect subsidiary of Chubb Group.

24. Plaintiff's Complaint defines "Chubb" to include both IUIC and Chubb Group, and Plaintiff uses the defined term "Chubb" throughout its pleading. However, Plaintiff's Complaint fails to allege any wrongdoing by Chubb Group.

25. Moreover, Chubb Group has no contractual relationship with or potential liability to Plaintiff because Defendant Chubb Group did not issue the subject insurance policy to Plaintiff.

26. Chubb Group is not an underwriting company and does not issue policies of insurance.

27. Chubb Group did not have any involvement in the handling of Catalent, Inc.'s claim for insurance coverage under the policy.

28. Plaintiff has not even alleged that Chubb Group is liable for IUIC's purported contractual obligations to Plaintiff, which it is not.

29. IUIC agrees to be bound by any judgment issued in this case in connection with the Policy.

30. There is no reasonable basis or colorable ground for Plaintiff to state a claim against Chubb Group in this insurance coverage action. Accordingly, the fraudulent joinder doctrine is applicable, and the citizenship of the fraudulently joined Chubb Group is disregarded for jurisdictional purposes.

31. As such, removal is appropriate as this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one that may be removed to this Court by IUIC pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship and the fraudulent joinder doctrine.

## **CONCLUSION**

32. For the foregoing reasons, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

33. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have this day been served upon Plaintiff, and will be promptly filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Somerset County, New Jersey.

34. By removing this matter, IUIC does not waive, or intend to waive, any defenses they might have, including, but not limited to, insufficiency of process and/or lack of personal jurisdiction, and reserve the right to assert all defenses herein.

35. If any questions arise concerning the propriety of this removal, IUIC requests that they be allowed to file a brief supporting removal and be heard in oral argument.

**WHEREFORE**, IUIC respectfully requests that Plaintiff's state court action styled *Catalent Inc. v. Illinois Union Insurance Company, et al.*, Docket No.: SOM-L-0454-25, filed with the Superior Court of New Jersey, Law Division, Somerset County, be removed in its entirety to the United States District Court for the District of New Jersey as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Superior Court of New Jersey, Law Division, Somerset County proceed no further unless and until this case is remanded.

Dated: April 22, 2025

        Respectfully submitted,
        KENNEDYS CMK LLP

        __/s/ *Neil V. Mody*_____
        Neil V. Mody, Esq.
        120 Mountain View Blvd
        P.O. Box 650
        Basking Ridge, NJ 07920
        *Attorneys for Defendant,*
        *Illinois Union Insurance Company*

8